**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MAYER ELECTRIC SUPPLY COMPANY, INC.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 21-372** |
| **CHESTER ELECTRIC, LLC** | **SECTION: "G"** |

<u>**ORDER AND REASONS**</u>

Plaintiff Mayer Electric Supply Company, Inc. ("Plaintiff") brings this suit against Chester Electric, LLC ("Defendant").[1] Plaintiff seeks to recover payment for materials allegedly owed under a contract with Defendant.[2] Before the Court is Plaintiff's "Motion for Partial Summary Judgment."[3] Defendant opposes the motion.[4] The Court notes at the outset that Plaintiff moved for summary judgment on its own claims for breach of contract, unpaid account, unjust enrichment, and attorneys' fees, and then separately moved for summary judgment on all of Defendant's affirmative defenses and counterclaims. Therefore, as to the breach of contract and unpaid account claims, this Order is limited to the analysis of whether Defendant has failed to make payments owed under the parties' agreement. Whether Defendant's failure to pay was justified due to an affirmative defense or counterclaim is analyzed in a separate order. Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court denies the

---

[1] Rec. Doc. 1.

[2] *Id.*

[3] Rec. Doc. 39.

[4] Rec. Doc. 42.

1

motion.

## I. Background

On February 19, 2021, Plaintiff filed a complaint against Defendant in this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[5] On February 25, 2021, Plaintiff filed an amended complaint.[6] Plaintiff alleges that it entered into an agreement with Defendant through which Plaintiff agreed to sell electrical materials to Defendant on credit.[7] Plaintiff claims that it abided by the terms of the agreement and sold materials on credit to Defendant, but Defendant refused to pay for the materials.[8] Accordingly, Plaintiff brings claims under Louisiana law for (1) breach of contract; (2) open account; (3) unjust enrichment; and (4) attorneys' fees.[9]

On May 16, 2022, Plaintiff filed the instant "Motion for Partial Summary Judgment."[10] On May 24, 2022, Defendant opposed the motion.[11] On May 31, 2022, with leave of Court, Plaintiff filed a reply.[12]

## II. Parties' Arguments

### A.   *Plaintiff's Arguments in Support of the Motion*

---

[5] Rec. Doc. 1.

[6] Rec. Doc. 7.

[7] *Id.* at 1–2.

[8] *Id.*

[9] Rec. Doc. 1 at 5–6.

[10] Rec. Doc. 39.

[11] Rec. Doc. 42.

[12] Rec. Doc. 43; Rec. Doc. 55.

Plaintiff argues that it is entitled to summary judgment on its claims for breach of contract, unpaid account, unjust enrichment, and attorneys' fees. As to breach of contract, Plaintiff argues that pursuant to the parties' agreement whereby Defendant obtained materials on credit from Plaintiff, Plaintiff "fully performed its obligations under the agreement by providing materials to [Defendant]."[13] Plaintiff argues that "[d]espite written demand, [Defendant] breached the agreement by failing to pay the amount due for the materials."[14] Plaintiff contends that there is an unpaid balance of $7,077.10. Therefore, Plaintiff argues it is entitled to summary judgment on its breach of contract claim.

As to Plaintiff's "unpaid account" claim, Plaintiff argues that "[a] claimant prevails on an unpaid account claim by showing 'that the record of the account was kept in the course of business' and that the account is accurate."[15] According to Plaintiff, "[o]nce a prima facie case has been established by the creditor, the burden shifts to the debtor to prove the inaccuracy of the account or to prove the debtor is entitled to certain credits."[16] Plaintiff argues that Defendant purchased the materials and Plaintiff furnished the materials to Defendant.[17] Plaintiff contends that it kept a record of Defendant's account and that the account is past due and unpaid.[18] Therefore, Plaintiff argues it is entitled to summary judgment on this claim.

---

[13] Rec. Doc. 39-2 at 2.

[14] *Id.*

[15] *Id*. at 3.

[16] *Id.*

[17] *Id.*

[18] *Id.*

As to Plaintiff's unjust enrichment claim, Plaintiff argues that Defendant "received the materials without paying, though it agreed to pay for them."[19] Plaintiff contends that it was deprived of the value of the materials for which Defendant kept but did not pay for.[20] Plaintiff contends that Defendant has no justification or cause for failing to pay.[21] Plaintiff argues that it "pleads this claim in the alternative to its breach of contract and unpaid account claims," such that "if relief is not granted on those claims, [Plaintiff] will be left with no other remedy at law."[22] Thus, Plaintiff argues it is entitled to summary judgment on its unjust enrichment claim.

As to attorneys' fees, Plaintiff argues that because the parties' agreement provides for attorneys' fees, and attorneys' fees are available under Louisiana Revised Statute 9:2791.[23] Plaintiff asserts that it is entitled to $41,528.83 in attorneys' fees, based on an affidavit from Plaintiff's attorney Randall Lindley.[24]

**B.    *Defendant's Arguments in Opposition to the Motion***

In opposition, Defendant argues that factual disputes preclude summary judgment as to Plaintiff's breach of contract claims. Defendant argues that Plaintiff's claim that Defendant breached the contract ignores the fact that Plaintiff unliterally (1) closed the Harahan warehouse; (2) accelerated delivery of "unneeded and unordered materials at [Defendant]'s sole expense"; (3)

---

[19] *Id.*

[20] *Id.*

[21] *Id.* at 4.

[22] *Id.*

[23] *Id.*

[24] Rec. Doc. 39-4 at 1–9.

accelerated demand for payment of these materials; and (4) filed suit despite knowing that Plaintiff had tendered "almost $60,000 of the $106,545.17" allegedly owed prior to filing suit.[25] In addition, Defendant argues that "there is a fact issue as to whether [Defendant] ever agreed to an accelerated payment schedule for the accelerated deliveries of the unordered and unneeded materials."[26] Defendant also notes that the credit agreement between the parties is not signed by Plaintiff.[27]

As to Plaintiff's "unpaid account" claim, Defendant argues that "it is unclear how this claim differs from the breach-of-contract claim, and appears to be an improper attempt to double-dip regarding any alleged damages that Mayer may be entitled to."[28] Defendant further argues that Plaintiff has not established that any account is accurate.[29] Defendant argues that in order to win on summary judgment, Plaintiff must provide the Court with (1) "a complete accounting of the original materials list for the job in question"; (2) "a complete accounting of all payments on a line-item basis to verify whether materials allegedly supplied were actually delivered, actually used on the job, and not returned"; and (3) "an accounting for all credits due [Defendant] for storage, security etc. regarding the accelerated delivery of materials."[30] Defendant argues that Plaintiff has not provided this information.[31] Defendant also argues that there are disputes of fact as to the amount outstanding because Plaintiff's $7,077.10 figure: (1) does not include offsets for

---

[25] Rec. Doc. 42 at 4.

[26] *Id.* at 4–5.

[27] *Id.* at 2.

[28] *Id.* at 5 (internal citation omitted).

[29] *Id.*

[30] *Id.*

[31] *Id.*

the costs associated with Defendant having to store the materials once Plaintiff closed the warehouse; (2) does not include offsets reflecting that Defendant is exempt from sales taxes related to its project with Orleans Parish; and (3) is inconsistent with Plaintiff's own exhibit containing allegedly outstanding invoices.[32]

As to Plaintiff's unjust enrichment claim, Defendant argues that Plaintiff cannot bring such a claim because unjust enrichment is only available when there is no other remedy at law.[33] Defendant argues that Plaintiff has other remedies, namely, its breach of contract and "unpaid account" claims.[34] Defendant argues that unjust enrichment is a "subsidiary" claim, and is not available as an alternative claim should Plaintiff's other claims fail.[35]

Lastly, Defendant argues that Plaintiff is not entitled to summary judgment on its claim for attorneys' fees. Defendant argues that to recover attorneys' fees, a party must first "establish its legal right to attorney's fees," and then the amount of the award is determined after briefing and argument to the Court.[36] Defendant also contends that under Louisiana Revised Statute 9:2781, prior to an award of attorneys' fees there must be a "written demand correctly setting forth the amount owed" and a "[j]udgment on the (underlying) claim."[37] Defendant contends that these

---

[32] *Id.* at 3.

[33] *Id.* at 5–6.

[34] *Id.* at 5–6.

[35] *Id.* at 6–7.

[36] *Id.* at 8.

[37] *Id.* (alteration omitted).

requirements are not satisfied because (1) summary judgment should be denied on the underlying claim and (2) Plaintiff's written demand of $106,545.17 was not correct.[38]

**C.**     ***Plaintiff's Arguments in Further Support of the Motion***

In reply, Plaintiff argues that the fact that it did not sign the contract is irrelevant, as Plaintiff has received and accepted payments due under the agreement.[39] Plaintiff argues that it is not necessary for both parties to sign the contract where the parties nevertheless avail themselves of the agreement.[40]

Plaintiff further argues that Defendant's "response focuses on alleged storage costs and [Plaintiff]'s closure of its Louisiana warehouse," and "[t]hose allegations relate to Chester's counterclaims."[41] Plaintiff contends that it "moved for partial summary judgment on its claims only," but "did not move for judgment on [Defendant's] affirmative defenses or counterclaims at this point."[42]

### III. Legal Standard

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[43] To decide whether a genuine dispute as to any material fact exists, the court

---

[38] *Id.* at 9.

[39] Rec. Doc. 55 at 2. Plaintiff also argues that the Court should reject Defendant's claim that Plaintiff should have stored materials for Plaintiff because there is no evidence that the contract required Plaintiff to do so. Because this relates to Defendant's affirmative defense and counterclaims, the Court will analyze this issue in a separate order.

[40] *Id.* at 2.

[41] *Id.*

[42] *Id.*

[43] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[44] All reasonable inferences are drawn in favor of the nonmoving party.[45] Yet "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[46] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a matter of law.[47] The nonmoving party may not rest upon the pleadings.[48] Instead, the nonmoving party must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[49]

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine issue of material fact.[50] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at

---

[44] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

[45] *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Reeves*, 530 U.S. at 150).

[46] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[47] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cites Serv. Co.,* 391 U.S. 253, 289 (1968)).

[48] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[49] *See id.*; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[50] *Celotex*, 477 U.S. at 323.

trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[51] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how that evidence supports the nonmoving party's claims.[52] The nonmoving party must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[53]

The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[54] Moreover, the nonmoving party may not rest upon mere allegations or denials in its pleadings.[55]

## IV. Analysis

Plaintiff moves for summary judgment on its claims for (1) breach of contract; (2) unpaid account; (3) unjust enrichment; and (4) attorneys fees. The Court will address each in turn.

### A.    Breach of Contract

Under Louisiana law, the "essential elements of a breach of contract claim are (1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the

---

[51] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (quoting *Little*, 939 F.2d at 1299).

[52] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[53] *Morris*, 144 F.3d at 380; *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[54] *Little*, 37 F.3d at 1075 (internal citations and quotation marks omitted).

[55] *Morris*, 144 F.3d at 380.

breach), and (3) the failure to perform resulted in damages to the oblige."[56] "Interpretation of a contract is the determination of the common intent of the parties."[57] "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent.[58] "The words of a contract must be given their generally prevailing meaning."[59]

The Court notes at the outset that Plaintiff moved for summary judgment on its own claims for breach of contract, unpaid account, unjust enrichment, and attorneys' fees, and then separately moved for summary judgment on all of Defendant's affirmative defenses and counterclaims. Therefore, as to the breach of contract and unpaid account claims, this Order is limited to the analysis of whether Defendant has failed to make payments owed under the parties' agreement. Whether Defendant's failure to pay was justified due to an affirmative defense or counterclaim is analyzed in a separate order.

Plaintiff provides evidence of a credit agreement between the parties whereby Defendant could purchase materials from Plaintiff on credit.[60] The Court notes that Plaintiff originally sought recovery of $106,545.17, and it is undisputed that Defendant has tendered checks to Plaintiff totaling $58,311.70. Plaintiff represents that it was able to recover additional amounts directly

---

[56] *Denham Homes, LLC v. Teche Fed. Bank*, No. 14-1576 (La. App. 1 Cir. 9/18/15); 182 So. 3d 108, 119 (citing La. Civ. Code art. 1994 and *Favrot v. Favrot*, No. 10-0986 (La. App. 4 Cir. 2/9/11); 68 So. 3d 1099, 1108–09).

[57] La. Civ. Code art. 2045.

[58] La. Civ. Code art. 2046.

[59] La. Civ. Code art. 2047.

[60] Rec. Doc. 39-3 at 5.

from "the owners and general contractors on the projects,"[61] and was ultimately "able to recover $99,468.07 of the amount originally due."[62] Therefore, Plaintiff contends that the remaining balanced owed is $7,077.10.[63] Plaintiff attaches evidence of invoices totaling $8,245.68,[64] but asserts that "after application of all credits and offsets, [Defendant] owes $7,077.10 in principal, plus interest, service charges, and attorneys' fees, costs, and expenses."[65] Defendant opposes summary judgment on the breach of contract claim on the basis that (1) Plaintiff never signed the parties' credit agreement;[66] and (2) there are disputes of fact regarding the amount still outstanding.[67] The Court addresses each in turn.[68]

Defendant notes in its list of "contested factual issues" that the parties' credit agreement was not signed by Plaintiff.[69] However, Defendant provides no analysis regarding what effect that has on the agreement. Although Louisiana Civil Code article 1837 provides that "[a]n act under private signature . . . must be signed by [the parties],"[70] "a jurisprudential exception to this statutory

---

[61] Rec. Doc. 39-2 at 1.

[62] Rec. Doc. 39-1 at 3.

[63] *Id.* at 3.

[64] Rec. Doc. 39-3 at 9–14.

[65] Rec. Doc. 39-1 at 3.

[66] Rec. Doc. 42 at 2.

[67] *Id.* at 2–5.

[68] Defendant also argues that Plaintiff is not entitled to summary judgment because Plaintiff breached the contract by closing its warehouse and accelerating delivery and payment of materials. Rec. Doc. 42 at 4. Because this relates to Defendant's affirmative defense and counterclaim, the Court will analyze this issue in a separate order.

[69] Rec. Doc. 42 at 2.

[70] La. Civ. Code art 1837.

requirement exists when only one party has signed an agreement and the non-signing party has availed himself of the agreement or taken actions evidencing his acceptance thereof."[71]

Here, that Plaintiff did not sign the agreement does not render the agreement unenforceable. Plaintiff clearly availed itself of the agreement and demonstrated acceptance of it by providing materials to Defendant and accepting payments for those materials. Therefore, the fact that Plaintiff did not sign the agreement is not sufficient to defeat summary judgment for Plaintiff on its breach of contract claim.

Additionally, Defendant argues that there are disputes of fact regarding the payments still outstanding. As discussed above, Plaintiff provides several invoices, the total of which amounts to 8,245.68.[72] However, Plaintiff asserts that "after application of all credits and offsets, [Defendant] owes $7,077.10 in principal, plus interest, service charges, and attorneys' fees, costs, and expenses."[73] Plaintiff summarizes the amounts owed as follows:[74]

| Date of Invoice | Invoice Number | Amount Due |
| --- | --- | --- |
| 10/15/2020 | 27427737 | $ 83.19 |
| 10/23/2020 | 27466794 | $ 1,398.25 |
| 10/21/2020 | 27454442 | $ 4,982.64 |
| 12/29/2020 | 27764122 | $ 257.28 |

[71] *See, e.g., Harvey v. Collins*, No. 2020-0840 (La. App. 1 Cir. 4/16/21); 2021 WL 1452210 at *11; *Harp v. Succession of Bryan*, No. 2019-0062 (La. App. 1 Cir. 9/3/20); 313 So. 3d 284, 293.

[72] Rec. Doc. 39-3 at 9–14.

[73] Rec. Doc. 39-1 at 3.

[74] Rec. Doc. 39-3 at 3. The following chart is a reproduction of the chart presented in Plaintiff's brief. Rec. Doc. 39-1 at 2, 39-3 at 3

12

| 1/4/2021 | 27777866 | $ 167.28 |
|----------|----------|----------|
| 1/4/2021 | 27777945 | $ 187.98 |
| **AMOUNT DUE** | | $ 7,077.10 |

To begin, the Court notes Defendant's argument that the amount Plaintiff lists in its motion ($7,077.10) differs from the amounts evidenced by the exhibit attached to the motion ($8,245.68).[75] Plaintiff states that $7,077.10 is the appropriate figure "after application of all credits and offsets,"[76] but does not provide any evidence regarding the basis for the credit and offsets it applied. Therefore, the Court cannot determine whether $7,077.10 is the amount of the outstanding balance.

Furthermore, Defendant disputes that $7,077.10 is the correct balance. Defendant contends that "there are line-item disputes" regarding "certain materials not delivered, materials returned, materials not ordered, and materials improperly taxed."[77] Defendant attaches a chart it created, and provides an affidavit attesting to its truth, purporting to document all of the relevant invoices and payments.[78] Although Plaintiff claims that Defendant owes $1,398.25 and $4,982.64 for invoices

---

[75] Rec. Doc. 39-3 at 9–14. The Court arrived at the $8,245.68 figure by adding the total amounts allegedly owed according to each of the invoices cited by Plaintiff ($1251.77 + 1398.25 + $4982.64 + $257.28 + $167.76 + $187.98).

[76] Rec. Doc. 39-1 at 3.

[77] Rec. Doc. 45 at 9. Defendant also argues that this figure does not include an offset for the $9,000 in storage costs that Defendant incurred when Plaintiff closed the Harahan warehouse. Rec. Doc. 42 at 3, 9. This argument relates to Defendant's affirmative defense and counterclaim for Plaintiff's breach of contract. As discussed above, because Plaintiff separately moved for summary judgment as to Defendant's affirmative defenses and counterclaims, this argument is analyzed in another Order.

[78] Rec. Doc. 42-2 at 7–13.

27466794 and 27454442, respectively,[79] the chart submitted by Defendant suggests that Defendant paid both of these invoices on March 19, 2021.[80] Furthermore, Defendant objects to Plaintiff's $7,077.10 figure because each of the invoices making up that balance included Louisiana sales taxes, which Defendant contends it is exempt from given that it was working on a project for Orleans Parish.[81] Defendant provides evidence of a certificate exempting it from sales tax given its work as an agent of a governmental entity for Orleans Parish.[82] Therefore, because Plaintiff has not provided sufficient evidence to demonstrate the absence of a dispute of material fact as to the amount owed, summary judgment on this claim is not appropriate.

**B.     *Unpaid Account***

"In order to prevail in a suit on an open account, the creditor must first prove the account by showing that the record of the account was kept in the course of business and by introducing evidence regarding its accuracy. Once a prima facie case has been established by the creditor, the burden shifts to the debtor to prove the inaccuracy of the account or to prove the debtor is entitled to certain credits."[83] As discussed above, however, Plaintiff has not carried its burden of demonstrating the accuracy of the $7,077.10 balance. Therefore, summary judgment is not appropriate.

---

[79] Rec. Doc. 39-3 at 3.

[80] Rec. Doc. 42-2 at 10, 11.

[81] Rec. Doc. 42 at 3.

[82] Rec. Doc. 42-2 at 15. The Court notes that the copy of the certificate provided is difficult to read. However, given that Plaintiff's reply does not challenge Defendant's tax-exempt status, the Court will assume that Defendant's representation is accurate.

[83] *Metal Coatings, LLC v. Petroquip Energy Sers., L.P.*, No. 2006-1118 (La. App. 3 Cir. 11/21/07); 970 So. 2d 695, 698.

### C.   Unjust enrichment

Plaintiff argues that it is entitled to summary judgment on its claims for unjust enrichment "in the alternative to its breach of contract and unpaid account claims" because "if relief is not granted on those claims, [Plaintiff] will be left with no other remedy at law."[84] In opposition, Defendant argues that an unjust enrichment claim is a "subsidiary" claim and cannot be brought as an alternative claim. Although the Court granted Plaintiff leave to file a reply, the reply does not address the unjust enrichment claim, and thus Plaintiff appears to concede that it is not entitled to summary judgment on this claim.

In any event, the Court agrees with Defendant that Plaintiff is not entitled to summary judgment on this claim. The following five elements are required to establish an unjust enrichment claim under Louisiana law:

> (1) there must be an enrichment, (2) there must be an impoverishment, (3) there must be a connection between the enrichment and resulting impoverishment, (4) there must be an absence of "justification" or "cause" for the enrichment and impoverishment, and finally (5) the action will only be allowed when there is no other remedy at law, i.e., the action is subsidiary or corrective in nature.[85]

"Louisiana law provides that no unjust enrichment claim shall lie when the claim is based on a relationship that is controlled by an enforceable contract."[86] "The important question is whether another remedy is available, not whether the party seeking a remedy will be successful."[87]

Here, Plaintiff's unjust enrichment claim is precisely what Louisiana law prohibits.

---

[84] Rec. Doc. 39-2 at 3–4.

[85] *Drs. Bethea, Moustouskas and Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 407 (5th Cir. 2004) (quoting *Minyard v. Curtis Prods., Inc.*, 205 So. 2d 422, 432 (La. 1967)).

[86] *Id.* (citing *Edwards v. Conforto*, 636 So. 2d 901, 907 (La. 1993)).

[87] *Ferrara Fire Apparatus, Inc. v. JLG Indus., Inc.*, 581 F. App'x 440, 443-444 (5th Cir. 2014).

Plaintiff argues that its unjust enrichment claim is "alternative to its breach of contract and unpaid account claims," and that "if relief is not granted on those claims, [Plaintiff] will be left with no other remedy at law."[88] However, as explained above, an unjust enrichment claim does not become available merely because a plaintiff's other claims have been unsuccessful. Because Plaintiff's remedies, whether successful or not, come from its breach of contract and unpaid account claims, Plaintiff cannot assert a claim for unjust enrichment. Thus, Plaintiff is not entitled to summary judgment on its unjust enrichment claim.

**D.    Attorneys' fees**

Because the Court denies summary judgment on the merits of Plaintiff's claims, the Court denies summary judgment as to attorneys' fees. The parties may brief the issue of attorneys' fees after a judgment is rendered on the merits, if necessary.

## V. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Partial Summary Judgment"[89] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this 16th day of August, 2022.

NANNETTE JOLIVETTE BROWN
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[88] Rec. Doc. 39-2 at 3–4.

[89] Rec. Doc. 39.

16